NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1567
_____

UNITED STATES OF AMERICA

v.

KEVIN FELDER,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:08-cr-00272-001)
District Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2011

Before: RENDELL, SMITH and ROTH, Circuit Judges.

(Opinion Filed July 28, 2011 )
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Kevin Felder appeals his conviction for distribution and possession of cocaine

base ("crack"), arguing that insufficient evidence supported the jury's finding that Felder

was guilty of distribution and possession with intent to distribute crack cocaine. Where,

as here, defendant did not move in the district court for a judgment of acquittal based on

sufficiency of the evidence, we review the claim for plain error. *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002). "Under plain error review, the defendant bears the burden of establishing that the error prejudiced the jury's verdict." *United States v. Wolfe*, 245 F.3d 257, 261 (3d Cir. 2001). Plain error requires the defendant to establish that the verdict "'constitutes a fundamental miscarriage of justice.'" *Untied States v. Thayer*, 201 F.3d 214, 218-19 (3d Cir. 1999) (quoting *United States v. Barel*, 939 F.2d 26, 37 (3d Cir. 1991)). Felder does not meet this high burden. Accordingly, we will affirm Felder's conviction.[1]

## I.

Felder was arrested in mid-December 2007 after a day-long surveillance revealed that he was selling crack on a Philadelphia street corner. Officers' surveillance of the area in the Strawberry Mansion section of North Philadelphia began as an investigation into neighborhood violence and unsolved shootings, but it escalated into a narcotics investigation as officers saw an unidentified man make an exchange of unknown objects for cash to a number of pedestrians. The pedestrians approached and departed quickly after exchanging cash for small objects with the man. Detectives Ralph Domenic and James Waring,[2] sitting in an unmarked surveillance vehicle parked a block and half from

---

[1] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We exercise jurisdiction on appeal pursuant to 28 U.S.C. § 1291.

[2] Both detectives had considerable experience in the police force. Domenic, a police detective for three years, had formerly conducted narcotics assignments for the Philadelphia Police Department for five years and had been a police officer for a total of eighteen years. Waring, a detective for nine years, had been a police officer for twelve years.

the street corner, watched the unknown male do this four times in thirty minutes. Their view of the exchanges was aided by a pair of binoculars and the telephoto lens of a video camera. Detective Domenic kept a running log of the events he and Detective Waring observed throughout the surveillance.

As recorded in the log, the detectives observed a pattern of behavior over the course of three hours in which defendant Felder or a man later identified as Wendell Whitaker was approached by a pedestrian, engaged in a brief conversation, then walked to a nearby vacant lot and came back moments later to the waiting pedestrian. Felder or Whitaker then accepted money from the pedestrian and, in exchange, gave the pedestrian an object, which the observing officers believed to be narcotics. The pedestrian then immediately left the area. The detectives observed Felder participate in seven or eight drug transactions – each following this pattern – over a three-hour period. After one of these transactions, a buyer stopped by backup officers was found to be in possession of four pink-tinted packets of crack.

Following this stop and based on detectives' observations, backup officers were summoned to arrest Whitaker and defendant Felder. The vacant lot Whitaker and Felder had been frequenting was searched and police recovered one clear plastic bag containing seventy-three pink-tinted packets of crack; the bag was found in a hole covered by a rock in the façade of a building at the edge of the vacant lot. Shortly thereafter, a search warrant was executed for the 2006 Chevrolet Felder was seen walking to after one of the drug transactions. The officers who conducted the automobile search found a photo of Felder and a girlfriend in the car's interior, about 100 pages of paperwork containing

3

Felder's name in the trunk, and one clear plastic bag on the left side of the trunk. The bag contained a large chunk of crack, weighing 6.1 grams.

Felder was then placed under arrest and charged with offenses related to the 15.64 grams of crack found in the lot, seized from the buyer, and found in the trunk of his car. Sixty-seven dollars in cash was eventually taken from Felder's pockets and recorded on a property receipt during arrest processing. However, no cash was recovered from the trunk of the Chevrolet, despite Detective Domenic's observation during surveillance that he saw Felder approach the car with money in his hand, open the trunk briefly and that, when Felder closed the trunk, there was no longer money in his hand. When asked about this discrepancy, Detective Domenic explained that his view of Felder was largely blocked by the raised trunk lid and that he could not say with certainty where defendant had placed the cash. Detective Waring shared the same view and made essentially the same observation.

A jury convicted Felder of four counts: distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count One); distribution of crack in or near a school, in violation of 21 U.S.C. § 860 (Count Two); possession of five grams or more of crack with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Three); and possession of five grams or more of crack in or near a school, with intent to distribute, in violation of 21 U.S.C. § 860 (Count Four). Felder filed a motion to suppress evidence prior to trial, which the District Court denied without prejudice. He did not move for acquittal in the District Court based on the sufficiency of the evidence.

II.

Felder contends that the evidence in this case was insufficient to support his conviction, arguing that the case presents glaring inconsistencies which constitute a fundamental miscarriage of justice. Specifically, he points to the following inconsistencies: (1) Detective Domenic testified that Felder placed money in the trunk of his vehicle, but the car contained no money when searched; (2) Domenic testified that his observations were assisted by the use of a video camera telephoto lens, but his observations were not videotaped; and (3) Sixty-seven dollars in cash was seized from Felder's pockets during a search incident to arrest, and the crack seized from the buyer were in ten-dollar packets, so the money seized from Felder does not support the number of sales officers said they observed him conduct.

The minor objections raised by Felder do not overcome the large amount of relevant evidence supporting Felder's conviction. Moreover, these "inconsistencies" were, as the Government points out, within the province of the jury to resolve. *See United States v. Iafelice*, 978 F.2d 92, 97 n.3 (3d Cir. 1992) ("[T]here is no requirement . . . that the inference drawn by the jury be the only inference possible or that the government's evidence foreclose every possible innocent explanation."). We have no doubt that the jury could find that the essential elements of distribution of crack cocaine with intent to distribute were proven to the jury beyond a reasonable doubt here,[3] and

---

[3] A conviction for distribution and possession of crack cocaine with intent to distribute requires proof that: (1) the defendant possessed a mixture and substance containing a controlled substance; (2) the defendant possessed the controlled substance knowingly and intentionally; (3) the defendant intended to distribute or knowingly and intentionally

Felder fails to meet the high burden of establishing that the jury's verdict "'constitutes a fundamental miscarriage of justice.'" *Thayer*, 201 F.3d at 218-19 (quoting *Barel*, 939 F.2d at 37). Accordingly, we will affirm Felder's conviction.

---

distributed the controlled substance; and (4) the controlled substance was cocaine base (crack). *See* Third Circuit Model Criminal Jury Instructions 3.10 and 6.21841A; 21 U.S.C. § 841(a)(1).